JOURNAL ENTRY AND OPINION
{¶ 1} A jury found defendant Roderick Mallett guilty of drug possession and drug trafficking on evidence that a confidential police informant consummated a controlled buy of crack cocaine from him. During trial, the court denied Mallett's motion for an order requiring the state to divulge the identity of the informant. The denial of that request is the sole claimed error in this appeal.
 {¶ 2} We need not dwell on the underpinnings of the law related to the disclosure of confidential informants. For our purposes here, we find that Mallett did not carry his burden of showing that the informant held significant relevant material and exculpatory information. See Roviaro v. United States (1957),353 U.S. 53, 60-61. See, also, United States v. Jenkins (C.A.6, 1993), 4 F.3d 1338, 1341 (finding disclosure not required when the informer's testimony would not have been helpful to the defendant); United States v. Bender (C.A.7, 1993), 5 F.3d 267,269-270 (finding disclosure not required when the informant's testimony would have had little significance for the defendant's defense).
 {¶ 3} The evidence at trial showed that the police fully searched the informant, then gave him marked money. A detective watched, but did not overhear, an encounter with Mallett, two other males, and the informant. This detective testified that he saw the informant complete a "hand-to-hand transaction" with Mallett. The informant returned with a rock of crack cocaine. An order to apprehend Mallett went out to other police officers. Mallett fled on foot and, after a short chase, was found hiding in some bushes.
 {¶ 4} Mallett gave the court no specific reason for wanting the identity of the informant. The closest he came was to represent that he did not have any of the marked "buy" money on him when apprehended, so the informant's testimony was "crucial to establish that the defendant was the seller of illegal drugs." Appellant's brief at 10.
 {¶ 5} All of this would have been irrelevant, however, as the detective testified that he personally witnessed the hand-to-hand transaction between Mallett and the informant. This testimony corroborated the sale independent from the informant. Moreover, the detective clearly identified Mallett as being involved in the transaction, and broadcast Mallett's description to the "take-down" officers. This detective later identified Mallett on the scene of his arrest.
 {¶ 6} Even had Mallett given a good reason for needing the identity of the informant, the police had better cause to protect the informant's identity. The detective testified that this informant had given him accurate information leading to the arrest of about 400 individuals. This informant was not only invaluable to the police, but the informant's past history of assisting the police no doubt would have placed him in personal jeopardy had the state been forced to divulge the informant's identity. On these facts, we cannot say that the court abused its discretion by denying the motion to disclose the informant's identity. See State v. Bays (1999), 87 Ohio St.3d 15, 25.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, Jr., P.J., and Sean C. Gallagher, J., concur.